**Luis MEDINA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81–004–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 29, 1981.
Discretionary Review Refused
Jan. 6, 1982.

Arnold X. Medina, Garza & Medina, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for attempted burglary of a building. Appellant was convicted by a jury. Punishment was assessed at life imprisonment.

Appellant's first ground of error challenges the sufficiency of the evidence to support the conviction.

■ Viewing the evidence in the light most favorable to the verdict, *Fernandez v. State*, 564 S.W.2d 771, (Tex.Cr.App.1978), the record reflects that on December 27, 1977, at 12:30 a. m., Officers I. A. Birnbaum, Jr., and Joel Nowell, answered a call to a bar on Agnes Street in Corpus Christi, Texas. The bar was closed when they arrived. As the officers approached the bar, they saw appellant standing at the front doorway. The building has a screen door and a solid door, and appellant was standing between the screen door and the solid door. When the officers' car coasted to the front of the building on to the gravel parking lot, appellant ran to the rear of the building and was apprehended attempting to climb over a chain link fence.

In a search of the immediate area, the officers found a crowbar near the rear of the building. It had paint stains, which matched the paint on the solid door of the building. A hole had been knocked in the solid door around the knob area. Apparently the force against one of the doors set off the burglar alarm system.

On cross-examination, the officers testified that they did not see anything in appellant's hand during this incident, no finger prints were lifted from any of the surfaces in the area, and appellant told one of the officers that some people in a car were chasing him.

The owner of the building testified that she did not give anyone consent to enter the building.

Photographs of the bar, the door and the tire tool were admitted into evidence. The crowbar was also admitted into evidence. After the State rested its case, appellant rested without offering any evidence. The court charged the jury on circumstantial evidence.

We conclude that the evidence is sufficient to support the conviction. *Hines v. State*, 458 S.W.2d 666 (Tex.Cr.App.1970); *Williams v. State*, 544 S.W.2d 428 (Tex.Cr. App.1976). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the evidence is insufficient to prove one of the convictions alleged to bring him within the habitual felony offender statute. Tex. Penal Code Ann. § 12.42(d) (1974). The conviction in question was proved by properly authenticated records from the Department of Corrections which referred to the person convicted as "Louis Medina." Noting that he was being tried as "Luis Medina" in the present prosecution, appellant argues that the State has failed to prove him to be the person referred to in those records. A qualified fingerprint examiner testified that a known set of fingerprints from appellant matched the set of fingerprints found in the penitentiary records. The matching of these prints

was sufficient to prove appellant and "Louis Medina" to be the same person. *Hicks v. State*, 482 S.W.2d 186, (Tex.Cr. App.1972); *Johnson v. State*, 435 S.W.2d 512, (Tex.Cr.App.1969). Appellant's second ground of error is overruled.

In his third ground of error, appellant complains that the statements appellant made to Officer Birnbaum, that some people in a car were chasing him constituted an exculpatory statement and since the State did not directly, nor indirectly, disprove them it was error for the trial court not to grant his motion for instructed verdict.

 It is settled that where the State puts in evidence an exculpatory statement of the accused and does not directly or indirectly disprove it, the accused is entitled to an acquittal. *Palafox v. State*, 608 S.W.2d 177, 181, (Tex.Cr.App.1979); *Banks v. State*, 56 Tex.Cr.R. 262, 265, 119 S.W.2d 847, 848, (1909). In the case at bar, the statement is not exculpatory. Even if it were, the State would not be bound by it because it was adduced by appellant on cross-examination of a State's witness. *Bell v. State*, 434 S.W.2d 684, 686, (Tex.Cr. App.1968). Appellant's third ground of error is overruled.

 Appellant's fourth ground of error contends that the trial court committed error in authorizing the jury to convict appellant on a theory not charged in the indictment.

The indictment charged that:

"defendant, on or about the 27th day of December, 1977 and before the presentment of this indictment in the county and state aforesaid did then and there with the intent to commit a theft do the act of attempting to enter a building which was not then open to the public owned by Elida Reyes by knocking a hole in a door of the building with a metal rod; that said act was done without the effective consent of Elida Reyes and with the specific intent to commit the offense of burglary of such building; that said act then and there amounted to more than mere preparation by defendant for commission

of such offense and that said act tended but failed to effect the commission of such offense."

In applying the law to the facts in the jury instruction the court charged:

"Now keeping in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that the defendant Luis Medina, on or about December 27, 1977 in Nueces County, Texas, did then and there with the intent to commit theft do the act of attempting to enter a building which was not open to the public owned by Elida Reyes by knocking a hole in a door of the building with a metal rod; that said act was done without the effective consent of Elida Reyes and with the specific intent to commit the offense of burglary of such a building; that said act then and there amounted to more than mere preparation by defendant for commission of such offense and that said act tended but failed to effect the commission of such offense then you will find the defendant guilty of attempted burglary and show your finding by having your foreman sign the appropriate verdict form."

Criminal attempt is defined in 15.01(a) Texas Penal Code (Vernons 1975).

"A person commits an offense if with specific intent to commit an offense he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

Burglary is defined as follows in 30.02(a) Texas Penal Code, (Vernons 1974).

"a person commits an offense if without the effective consent of the owner, he:

(1) enters a habitation or a building (of any portion of a building) not then open to the public, with intent to commit a felony or a theft."

The charge correctly applies the law to the facts and does not authorize a conviction on a theory not alleged in the indictment. *Smith v. State*, 571 S.W.2d 168 (Tex. Cr.App.1978). Appellant's fourth ground of error is overruled.

On his final ground of error, appellant contends that he was denied effective assistance of counsel. Among other things, appellant complains that appellant's attorney asked very few questions during voir dire, failed to call any defense witnesses though five of them had been subpoenaed, did not inform appellant of a plea bargain offer, did not object to the "pen packet" which revealed three prior convictions when only two were alleged in the indictment, and that appellant's attorney waived jury argument during the punishment phase of the trial.

██ In evaluating whether a person has been deprived of effective assistance of counsel, the Court of Criminal Appeals has approved the test or standard of "reasonably" effective assistance of counsel. The test does not require errorless counsel, or counsel judged ineffective by hindsight but rather, counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Gallegos*, 511 S.W.2d 510, (Tex.Cr.App.1974); *Ex parte Bratchett*, 513 S.W.2d 851, (Tex.Cr.App.1974). See also *Ex parte Duffy*, 607 S.W.2d 507, (Tex.Cr.App. 1980).

██ In the case at bar, there is no showing that favorable evidence for appellant on the guilt or punishment phases was overlooked, nor does appellant indicate what questions on voir dire were not asked. He also does not show that the failure to ask any particular questions on voir dire resulted in the seating of an unqualified juror.

A review of the record reveals that appellant was informed of the plea bargain agreement but that he refused to accept it because he insisted that he was not guilty. Furthermore, an objection to the "pen packet" on the basis that it contained a conviction not alleged in the indictment was not a valid objection. The Court of Criminal Appeals has stated that "In proving the 'prior criminal record' of an accused under the provisions of Article 37.07, V.A.C.C.P. the State is not limited to prior convictions alleged in the indictment for enhancement, if any. Any prior conviction relevant under such statute is admissible." (Citations omitted). *Martinez v. State*, 469 S.W.2d 185, 187, (Tex.Cr.App.1971).

As to the waiver of final argument at the punishment phase, this was a matter of trial strategy. Appellant does not argue how in the context of the whole trial, that strategy was a denial of reasonably effective assistance of counsel. *Ransonette v. State*, 550 S.W.2d 36, 41, (Tex.Cr.App.1976). Appellant's fifth ground of error is overruled.

Finding no reversible error, we affirm the judgment of the trial court.