Henry Michael HUMBER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–026–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 19, 1981.

Bonnie Fitch, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction for credit card abuse. Tex.Penal Code Ann. art. 32.31 (Vernon 1974). The jury set punishment at five years. Appellant was represented by different counsel at trial and on appeal. Appellant's sole ground of error is that he was denied effective assistance of counsel.

The standard for determining whether effective assistance of counsel was available has been reviewed recently by the United States Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and the Texas Court of Criminal Appeals in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980). The basic requirement is that there be "reasonably effective assistance of counsel." This is the standard of the Sixth Amendment made applicable to the states by the Fourteenth Amendment of the United States Constitution.

The genesis of this standard is traced to *MacKenna v. Ellis*, 280 F.2d 592 (5th Cir. 1960), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), [cited with approval in *Caraway v. State*, 417 S.W.2d 159 (Tex.Cr.App.1967) and *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974)] where the court said: "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." (emphasis in original).

This is a developing area in which the lines of demarcation are still changing. *See Ex parte Duffy, supra.* In discussing this standard the Court of Criminal Appeals in *Ewing v. State* said:

First, the sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr.App. 1976). In our system of criminal justice an individual is entitled to a fair but not a perfect trial. Isolated failures to object to certain procedural mistakes or improper evidence do not constitute a breach of legal duty by an accused's attorney.

We also observe that assertions of ineffective counsel shall be sustained only if they are "firmly founded." *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976); *Faz v. State*, 510 S.W. 922 (Tex.Cr.App. 1974). The record must affirmatively demonstrate the counsel's ineffectiveness.

Finally, we are not in a position to "second guess", through appellate hindsight, the strategy adopted by counsel at trial. *Faz v. State, supra.* Trial lawyers occupy the realm of the here and now; they do not possess the luxury of a record to review, nor are they given time to formulate solutions to complex procedural or evidentiary issues in the midst of trial. The fact that another attorney may have pursued a different tactical course of trial is insufficient to support a finding of ineffective assistance of counsel.

... Furthermore, the failure to object to every instance of improper evidence does not mean that appellant's representation was ineffective. *See Long v. State*, 502 S.W.2d 139 (Tex.Cr.App.1973); *Roberts v. State*, 493 S.W.2d 849 (Tex.Cr. App.1973).

... Our duty is to review the totality of the representation and determine whether the appellant has been denied his constitutional right to effective assistance of counsel. *Ex parte Prior, supra.*

549 S.W.2d 392 at 395–396 (Tex.Cr.App. 1977); *See Ex parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App.1978); *Mercado v. State*, 615 S.W.2d 225 (Tex.Cr.App.1981); *Johnson v. State*, 614 S.W.2d 148 (Tex.Cr.App.1981).

▮ Each individual case must be considered on its own merits, *Mercado v. State, supra; Ex parte Gallegos, supra; Ex parte Prior, supra*, and "when from the entire record it is apparent that the accused has not been adequately represented, the court should have no hesitancy in so saying." *Rodriquez v. State*, 170 Tex.Cr.R. 295, 340 S.W.2d 61 (1960).

▮ Appellant's main contention herein is that he was unduly prejudiced by the introduction of information concerning extraneous offenses. Appellant argues that trial counsel failed to:

(1) aquaint himself with the facts of this case as shown by there being no motion for discovery included in the record;

(2) present a motion to suppress;

(3) object to testimony concerning the circumstances surrounding the appellants arrest;

(4) object to testimony by the owner of the stolen credit card that the card was taken during a burglary of the complainant's apartment.

There is no proof in the record before this court to support the first two of these contentions. There is no indication what appellant might have uncovered had there been formal discovery or what type of informal discovery actually occurred. The record, therefore, does not show whether there is any substance to this contention. We are unable to determine what occurred at the unrecorded bench conference which caused counsel to waive his motion to suppress. As stated, we are not in a position to "second guess" the strategy adopted by counsel at trial, but we simply review the totality of the representation. In these instances the record does not *affirmatively* demonstrate the trial counsel's ineffectiveness. *Passmore v. State*, 617 S.W.2d 682 (Tex.Cr.App.1981); *Reed v. State*, 477 S.W.2d 904 (Tex.Cr.App.1972). The mere filing of pre-trial motions does not in and of itself aid the defense of the accused. *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App. 1976).

**Appellants** contend that trial counsel failed to object timely to introduction of statements of the arresting officer concerning the circumstances surrounding the arrest. Ineffective assistance sufficient to deny a fair trial has been found where counsel failed to object to the introduction of a series of prejudicial and inadmissible extraneous offenses. *Cude v. State*, 588 S.W.2d 895 (Tex.Cr.App.1979); *See Ruth v. State*, 522 S.W.2d 517 (Tex.Cr.App.1975). This is not such a case. The state is entitled to prove the circumstances surrounding the arrest. Trial counsel objected to the irrelevancy of testimony concerning the arrest and the trial judge overruled. Evidence of various seemingly irrelevant details may be permitted because the law recognizes that transactions do not occur in a vacuum. A decision as to the admissibility of such evidence lies within the discretion of the trial judge, and this court will not reverse unless a clear abuse of discretion is shown. *Hernandez v. State*, 484 S.W.2d 754, (Tex.Cr.App.1972); *Arnott v. State*, 498 S.W.2d 166 (Tex.Cr.App.1973); 1A Ray, Texas Law of Evidence § 911 (Texas Practice 3rd ed. 1980).

Appellant also alleges that the testimony of the complainant concerning the theft of the credit cards from his burglarized apartment implicated the appellant in an extraneous offense. The complainants testimony goes to the proof of the crime charged. The state is required to prove beyond a reasonable doubt that the card was being used without the effective consent of the owner. *See* Tex.Penal Code Ann. art. § 32.31(b)(1)(A) (Vernon 1974). The state properly called the owner to explain that prior to the appellant's use, his apartment was burglarized and the credit card in question was taken. *Ward v. State*, 581 S.W.2d 164 (Tex.Cr.App.1979).

The judgment is affirmed.