David Lee YEAGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 82 124 CR.

Court of Appeals of Texas, Beaumont.

March 9, 1983.

Rehearing Denied March 24, 1983.

Paul Buchanan, Joe B. Goodwin, Beaumont, for appellant. ·

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of murder, and the trial court assessed his penalty at twenty-five (25) years in the Texas Department of Corrections, from which appellant perfects this appeal. His sole ground of error is that "[he] ... was denied reasonably effective assistance of counsel."

Since "this is a developing area in which the lines of demarcation are still changing," [1] and since we are getting more and more requests for reversal on this ground, perhaps a review of the rules as they now stand will prove helpful.

 The standard by which we determine whether effective assistance of counsel was available to an appellant has its genesis in *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir.1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). It is termed "reasonably effective assistance" standard. *Ferguson v. State,* 639 S.W.2d 307, 310 (Tex.Cr.App.1982); *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981); *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Cr. App.1974).[2] It is now firmly established that the standard applies equally to retained as well as appointed counsel. *Archie v. State,* 615 S.W.2d 762 (Tex.Cr.App.1981); *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr. App.1980). This standard does not guarantee an errorless trial, and the particular circumstances of each individual case must be considered. *Avery v. Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); *Ex parte Gallegos,* supra.

 The totality of counsel's efforts decides his or her effectiveness. Isolated failures to object to certain procedural mistakes or improper evidence do not constitute ineffectiveness of counsel; assertions of ineffective counsel shall be sustained only if they are "firmly founded"; the record must affirmatively demonstrate the counsel's ineffectiveness; an appellate court is not in a position to "second guess," through hindsight, the strategy adopted by counsel at trial; it is basically unreasonable to judge an attorney by what another attorney would have done, or says he would have done; and the rules governing the standard in each particular case are flexible. *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977); *Williams v. State,* 535 S.W.2d 352 (Tex.Cr. App.1976); *Faz v. State,* 510 S.W.2d 922

(Tex.Cr.App.1974); *Witt v. State,* 475 S.W.2d 259 (Tex.Cr.App.1971); *Jones v. State,* 623 S.W.2d 476, 479 (Tex.App.—Corpus Christi 1981, no writ). The question we seek to answer in going through the record ⸱is "was counsel's efforts reasonably likely to render and rendering reasonable effective assistance to his or her client?" *Medina v. State,* 626 S.W.2d 83, 86 (Tex.App.—Corpus Christi 1981, no writ).

 Appellant's first contention of ineffectiveness of his counsel is that by choosing the court rather than the jury to assess punishment, he was cut off from the opportunity of receiving probation. This is one of those hindsight judgment calls referred to earlier. It is quite possible both appellant and his counsel believed punishment assessed by the judge would be less severe than that assessed by a jury. And who is to say this was not a correct decision? For while appellant made a case of self defense, two eye witnesses unequivocally denied this, and from their testimony the jury could have concluded it was an unprovoked, cold blooded killing. Further, appellant had a prior criminal record, and it is likely his attorney knew there would be testimony that his reputation for truth and veracity in the community was bad.

 Appellant's second reason for his contention of ineffective counsel is the failure of his attorney to move to suppress the evidence obtained from a warrantless search of appellant's house. The situation is this: A police officer was summoned to a location on Sixtieth Street in Port Arthur, where he found the deceased lying on the ground, bleeding profusely. After summoning an ambulance, the officer traced the blood on the ground to appellant's home. Appellant was in his front yard holding a towel to his head. The officer then entered appellant's home, saw blood on the entrance, on the coffee table, the television set, down the hall to the kitchen, and the broken window, which later testimony

---

1. *Humber v. State,* 624 S.W.2d 814, 815 (Tex. App.—Houston [14th Dist.] 1981, no writ).

2. In a concurring opinion Judge Roberts preferred terming the standard "reasonable competence demanded of attorneys in criminal cases."

revealed the deceased broke out of the home. There are at least two reasons why counsel's failure to try and suppress this testimony does not reach beyond the standard of "reasonably effective assistance." First, the officer's entry into the home was an authorized warrantless investigation of a possible homicide under the circumstances because the officer entered the home after following a trail of blood left by the dying victim one hundred ninety (190) feet, and seeing appellant standing in front of the house holding a towel to his head. See 2 LaFave, *Search and Seizure,* § 6.5(e) at 458, et seq. (1978). Second, the investigation by the officer produced no information not given by the two eyewitnesses and the appellant himself. See *Gonzales v. State,* 626 S.W.2d 888 (Tex.App.—San Antonio 1981, no writ). The harmless error rule applies to searches and seizures. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); 3 LaFave, *Search and Seizure,* § 11.7(e) at 735, et seq. (1978).

Appellant's third contention urges: "The attorneys failed to ask for any offense reports or statements of the State's witnesses for the purposes of cross-examination of those witnesses . . . ." As noted above, appellant admitted the stabbing but contended it was self defense. Thus, if offense reports were made, which to us are unknown, they could not have aided appellant.

Appellant's last complaint in this regard is: "The attorneys for Appellant failed to object to State's Exhibit No. One, a picture which clearly shows the body on an autopsy table with a drainage tube in the body." The argument given is that the witness should have been taken on voir dire and shown that the drainage tube was placed there after the body came into the hands of the authorities and was not the result of anything that appellant did. The jury could not be confused by this rather long tube; all the evidence showed that appellant stabbed deceased with a sheath knife. We find counsel's efforts on appellant's behalf more than sufficient to consti-

tute reasonably effective assistance at trial. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.