Melvin Curtis ELLIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 85 231 CR.

Court of Appeals of Texas, Beaumont.

Feb. 19, 1987.

Discretionary Review Refused May 27, 1987.

James F. Keegan, Huntsville, for appellant.

Michael R. Little, Dist. Atty., Liberty, Georgia Clapper, Asst. Dist. Atty., Anahuac, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated sexual assault, and the jury assessed his punishment at twenty years confinement in the Texas Department of Corrections. Appeal has been perfected to this Court. Appellant's first ground of error follows:

"Appellant was denied due process of law, for no evidence was introduced at trial that he had caused the sexual organ of the complainant to penetrate his sexual organ, an essential element of the offense for which Appellant was indicted, tried and convicted."

The first count of the indictment, for which the jury found defendant guilty, alleged as follows:

"[Defendant] ... did then and there intentionally and knowingly cause the sexual organ of Natasha Joy Ellis, [his daughter], a child who was then and there younger than fourteen (14) years of age and not the spouse of defendant, to contact and penetrate the sexual organ of the defendant...."

Because appellant is a male, this allegation is not only physically impossible but sloppy pleading by the State.

However, *TEX.PENAL CODE ANN. sec. 22.011(a)(2)(C)* (Vernon Supp.1987) provides:

"(a) A person commits an offense if the person:

\*     \*     \*     \*     \*     \*

"(2) intentionally or knowingly:

\*     \*     \*     \*     \*     \*

"(C) causes the sexual organ of a child *to contact* or penetrate the mouth, anus, or sexual organ of another person, including the actor." (emphasis supplied)

*TEX.PENAL CODE ANN. sec. 22.021(a)* (Vernon Supp.1987) provides:

"(a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

\*     \*     \*     \*     \*     \*

"(5) the victim is younger than 14 years of age."

When the alleging instrument alleges several ways of committing an offense, proof of any of the ways of committing the offense justifies the conviction. *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Crim.App.1981); *Young Sun Lee v. State*, 681 S.W.2d 656, 661 (Tex.App.—Houston (14th Dist.) 1984, pet. ref'd), citing *Cowan v. State*, 562 S.W.2d 236 (Tex.Crim.App. 1978). There is ample evidence to convince the jury that appellant caused the sexual organ of this child to contact appellant's sexual organ. This ground of error is overruled.

Appellant's second ground of error in effect claims error because the indictment alleged contact *and* penetration, while the court's charge alleged contact *or* penetration. Appellant cites us no specific authority that such a charge is erroneous. *TEX.CODE CRIM.PROC.ANN. art. 36.14* (Vernon Supp.1987) requires that a defendant either file written objections to the court's charge, or dictate the same to the reporter (in the presence of the Court, and the State's attorney). Appellant did not comply with this requirement of the code, which is mandatory. *Pennington v. State*,

697 S.W.2d 387 (Tex.Crim.App.1985, en banc).

In *Hammett v. State,* 578 S.W.2d 699, 713 (Tex.Crim.App.1979, en banc), we find:

"[A]ppellant contends that the trial court's charge at the guilt-innocence phase of the trial was fundamentally defective because the court charged 'intentionally *or* knowingly' while the indictment reads 'intentionally *and* knowingly.'"

In *Cowan v. State,* 562 S.W.2d 236, 239 (Tex.Crim.App.1978), the Court rejected a similar contention in the face of a specific objection to the use of "the word 'or' instead of the word 'and' between the word 'intentionally' and the word 'knowingly' in the charge." This ground of error is overruled.

■ Appellant's third ground of error states:

"The trial court erred in failing to include in its charge to the jury on punishment the instruction regarding good conduct time and parole mandated by section 4(a) of article 37.07 of the Texas Code of Criminal Procedure."

While a majority of this court has held that inclusion of such an instruction in the charge is not reversible error, *Boudreaux v. State,* 723 S.W.2d 230 (Tex.App.—Beaumont, 1986), we have not held that failure to give the instruction is reversible error. According to our record, appellant never objected to the lack of this instruction in the court's charge. Since we find that failure to instruct the jury as required by *TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a)* (Vernon Supp.1987), is not fundamental error, the error was harmless. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985). This ground of error is overruled.

■ Appellant's fourth ground of error states:

"The trial court erred in admitting over Appellant's objection the testimony of witness Karen Sanborn regarding the behavior of Appellant at a school open house."

Mrs. Sanborn was a kindergarten teacher who was the first person to whom the complainant reported the alleged offense. She was probably allowed to go too far in describing appellant at a school open house as being frustrated, spouting, and upset when the teacher would not immediately interrupt her conversation with other parents to talk with appellant. The teacher said appellant's conduct helped her to understand the child's outcry, but no other explanation was given. We, of course, never see a witness or observe his or her influence on a jury, but we don't dispute that the teacher's testimony had the desired effect on the jury. However, appellant cites us no authority to support this ground of error, and an objection of irrelevancy is rather general in nature and not particularly illuminating to a trial court. *See Russell v. State,* 468 S.W.2d 373, 374–375 (Tex.Crim.App.1971); *Henderson v. State,* 617 S.W.2d 697, 698 (Tex.Crim.App. 1981).

In discussing *Relevancy,* 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 1481 at 168 (Texas Practice 3d ed. 1980), Ray has this to say:

"In the decision calling for the balancing of such intangibles the courts have wisely reposed a wide discretion in the trial judge."

While we have stated that the school teacher's testimony no doubt had the desired effect on the jury, nevertheless when compared with the testimony of appellant's conduct with his young daughter, it is pale in comparison and, therefore, harmless. *Bagley v. State,* 708 S.W.2d 585, 589 (Tex. App.—Beaumont, 1986).

■ Appellant's final ground of error complains of ineffective assistance of counsel by the failure of his attorney to object to testimony by witnesses Lisa Spivey and Karen Sanborn to hearsay statements by the complainant describing the alleged offense and identifying appellant as the perpetrator.

Such a challenge involves a two-prong test: first, that counsel's assistance was not "reasonably effective"; second, but for counsel's unprofessional errors, the result

of the trial would have been different. We look at the totality of the representation of trial counsel, and not isolated acts or omissions. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Moore v. State*, 700 S.W.2d 193, 195 (Tex.Crim.App.1985); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986) (not yet reported). An isolated failure to object to improper evidence does not constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503 (Tex.Crim.App.1984).

Viewing the evidence as a whole, we also find that the prejudicial impact of the admission of the testimony of Sanborn and Spivey was not of a sufficient degree to render appellant's trial unfair. Therefore, appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.