Charlie Lee **DICKERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–87–148 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 5, 1988.

Rehearing Denied Oct. 26, 1988.

James F. Keegan, Houston, for appellant.

Peter Speers, III, Dist. Atty. and Thomas D. Glenn, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted of aggravated robbery by a jury which also made an affirmative finding that a deadly weapon was used. The court assessed punishment at fifty years' confinement in the Texas Department of Corrections. Appellant alleges seven points of error.

The first point of error complains that appellant's right to a fair and impartial trial was violated when the "jury heard, during jury voir dire, testimony regarding the offense of which appellant was convicted from a jury panel member." Appellant specifically complains of the following:

[Panelist]: Unfortunately I was in that jewelry store shortly after everything happened and settled back down and I did talk to the little red-headed girl in there about it. I talked to one of the—I am in there and out—about it. I did not know the name and I did not connect them with it but I did get their opinions about it and I have formed an opinion about it. I would be very hard on someone if I had no reasonable doubt.

We note, at the onset, that appellant did not object to this comment by the venireperson or seek any other relief, such as a request that the panel disregard the comment. Nothing has been preserved for review. TEX.R.APP.P. 52(a). However, appellant's argument is misplaced in that the venireperson did not testify to any harmful facts concerning appellant. She simply notified the court she had some knowledge of the offense, not any particular knowledge about this appellant. This point is overruled.

■ The next point of error alleges the trial court erred in excusing the same venireperson for cause, sua sponte. While our court of criminal appeals has held that a trial court should not on its own motion excuse a veniremember on grounds which do not show an absolute disqualification under the authority of TEX.CODE CRIM. PROC.ANN. art. 35.19 (Vernon Supp. 1988), it has also held that an objection to the trial court's sua sponte action is required. Richardson v. State, 744 S.W.2d 65, 71 (Tex.Crim.App.1987). There was no objection made, and thus the error was not preserved for review. Furthermore, it is difficult to understand how excusing the venireperson could be harmful to appellant since the venireperson stated she could not give appellant a fair and impartial trial. This point of error is overruled.

■ The next four points of error concern the manner in which the jury was asked to make an affirmative finding regarding the use of a deadly weapon. Points of error numbers three and four argue that appellant was denied due process because the court failed to instruct the jurors to refrain from making an affirmative finding and did not provide them with a verdict form for a negative finding. Points of error numbers five and six allege appellant was denied due process because there was no mention of a standard of proof to be used in determining whether appellant used a deadly weapon, and thus, it authorized the jury to make a finding on a standard less burdensome than "beyond a reasonable doubt." Appellant did not object to the portion of the charge concerning the affirmative finding; therefore, we review these points under the "egregious harm" standard of Almanza v. State, 686 S.W.2d 157, 160 (Tex.Crim.App.1984) (on rehearing). As a matter of practicality, all of these points are moot in that such a finding was neither required, nor does it adversely affect appellant. The indictment alleged that "the defendants did then and there use and exhibit a deadly weapon, to-wit, a firearm." The jury verdict shows that the jury found appellant guilty "as charged in the indictment." This guilty finding alone would have constituted an affirmative finding. Ex parte Campbell, 716 S.W.2d 523, 525 (Tex.Crim.App.1986). Also, because appellant was convicted of an aggravated offense, the affirmative finding has no effect on his eventual eligibility for parole. See TEX.CODE CRIM.PROC. ANN. arts. 42.12(3g)(a) & 42.18(8)(b)(1) (Vernon Supp.1988). Certainly, there was no egregious harm to appellant. Points of error three through six are overruled.

■ The final point of error alleges ineffective assistance of counsel. Appellant argues that trial counsel, in failing to object to certain testimony by an officer, rendered ineffective assistance of counsel. An isolated instance of failure to object to improper evidence does not constitute ineffective assistance of counsel. Ellis v. State, 727 S.W.2d 50, 53 (Tex.App.—Beaumont 1987, pet. ref'd). Arguably, the unobjected to testimony was not improper in the first place. The officer testified that he got an arrest warrant for appellant and a search warrant for appellant's residence based upon a conversation with a co-defendant. The officer did not testify to the contents of the conversation; consequently, no hearsay was interjected into the trial. We find no absence of reasonably effective assistance of counsel and, furthermore, no reasonable probability that, but for any of counsel's alleged errors, the result would have been different. Moore v. State, 700 S.W.2d 193, 205 (Tex.Crim.App.1985), cert. denied, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). This final point of

error is overruled. The judgment is affirmed.

AFFIRMED.