ACCEPTED
12-17-00294-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/29/2017 3:43 PM
Pam Estes
CLERK

NO. 12-17-00294-CR

In The

COURT OF APPEALS

TWELFTH APPELLATE DISTRICT

STATE OF TEXAS

Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/29/2017 3:43:19 PM
PAM ESTES
Clerk

_____

EMMETT ASBURY

                                        Appellant

            VS.

THE STATE OF TEXAS

                                        Appellee

_____

BRIEF FOR APPELLANT

_____


Appellate counsel:                 Melissa L. Hannah
                                   SBOT # 24035530
                                   200 E. Lufkin Ave.
                                   Lufkin, Texas 75901
                                   Telephone: (936)632-6350
                                   Facsimile:(936)632-6355
                                   melissa@melissahannahlaw.com
                                   Attorney for Emmett Asbury

# NAMES OF THE PARTIES

APPELLANT   -   EMMETT ASBURY
TDC# 02153782
SID# 04875503
Holliday Unit
295 IH-45 North
Huntsville, Texas 77320-8443

Trial counsel:        John Wells
SBOT # 24070826
P.O. Box 535
Livingston, Texas 77351

Appellate counsel: Melissa L. Hannah
SBOT # 24035530
200 E. Lufkin Ave.
Lufkin, Texas 75901


APPELLEE    -   THE STATE OF TEXAS

Trial counsel:        Bennie Schiro
SBOT#24041873
Trinity County District Attorney
P.O. Box 400
Groveton, Texas 75845

Appellate counsel: Bennie Schiro
SBOT#24041873
Trinity County District Attorney
P.O. Box 400
Groveton, Texas 75845

i

# SUBJECT INDEX

NAMES OF THE PARTIES ..............................................................................i

INDEX OF AUTHORITIES ........................................................................ iii

STATEMENT OF THE CASE ......................................................................2

PRELIMINARY STATEMENT .....................................................................3

GENERAL FACT STATEMENT ...................................................................4

SUFFICIENCY OF THE EVIDENCE ...........................................................6

SENTENCE ...................................................................................................8

EFFECTIVE ASSISTANCE OF COUNSEL ...............................................10

CONCLUSION.............................................................................................12

CERTIFICATE OF SERVICE......................................................................14

CERTIFICATE OF COMPLIANCE ............................................................15

LETTER TO APPELLANT ..............................................................Exhibit A

# INDEX OF AUTHORITIES

**CASES**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).....3, 12

*Bender v. State*, 758 S.W.2d 278 (Tex. Crim. App. 1988)..............................7

*Bratchett, Ex parte*, 513 S.W.2d 851 (Tex. Crim. App. 1974) .....................10

*Buster v. State*, 144 S.W.3d 71 (Tex. App. - Tyler 2004, no pet.)..................9

*Culton v. State*, 95 S.W.3d 401 (Tex. App - Houston [1st]
2002, pet. ref'd) .................................................................................9

*Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974) ....................................3

*Dinnery v. State*,592 S.W.2d 343 (Tex. Crim. App. 1980) .............................7

*Ellis v. State*, 727 S.W.2d 50 (Tex. App. -- Beaumont 1987, pet. ref'd) ......11

*Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969)..........................12

*Garcia v. State*, 57 S.W.3d 436   (Tex. Crim. App. 2001) ..................................11

*Garza v. State*, 213 S.W.3d 338 (Tex. Crim. App. 2007)....................................11

*Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005) ...........................11

*Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680,
   115 L.Ed.2d 836 (1991) .......................................................................9

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986).........................11

*High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).................................3, 12

*Ingham v. State*, 679 S.W.2d 503 (Tex. Crim. App. 1984)...........................10

*Knight v. State*, 481 S.W.2d 143 (Tex. Crim. App. 1972) .............................7

*Martin, Ex parte,* 747 S.W.2d 789 (Tex. Crim. App. 1988) ...........................7

*Menefee v. State*, 287 S.W.3d 9 (Tex. Crim. App. 2009)............................6,7

*Potts v. State*, 571 S.W.2d 180 (Tex. Crim. App. 1978)...............................7

*Roberts v. State*, 220 S.W.3d 521 (Tex. Crim. App. 2007) .................................11

*Sexton v. State*, 476 S.W.2d 320 (Tex. Crim. App. 1972)..............................7

*Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983).........9

*Soto v. State*, 456 S.W.2d 389 (Tex. Crim. App. 1970) ..................................7

*Sprinkle v. State*, 456 S.W.2d 387 (Tex. Crim. App. 1970)............................6

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984) ........................................................................10

*Waage v. State*, 456 S.W.2d 388 (Tex. Crim. App. 1970) ..............................7

*Williams, Ex parte*, 703 S.W.2d 674 (Tex. Crim. App. 1986)........................6

*Wyatt v. State*, 889 S.W.2d 691 (Tex. App. -- Beaumont 1994, no pet.)......10

*Yeager v. State*, 658 S.W.2d 639 (Tex. App. -- Beaumont
1983, pet. ref'd) ..................................................................................10

**UNITED STATES CONSTITUTION**

Eighth Amendment..........................................................................................9

**TEXAS CONSTITUTION**

Article I, Section 13 ...............................................................................9

**PENAL CODE**

Section 12.34 ......................................................................................8

Section 38.04(a) ................................................................ 7

Section 38.04(b)………………………………………………………...8

**CODE OF CRIMINAL PROCEDURE**

Article 1.15 ...................................................................................7, 8

Article 26.13 ......................................................................................4

Article 27.13 ......................................................................................4

**RULES OF APPELLATE PROCEDURE**

Rule 6.3 ...........................................................................................14

Rule 9.4(i)(3) ...................................................................................15

NO. 12-17-00294-CR

In The

COURT OF APPEALS

TWELFTH APPELLATE DISTRICT

STATE OF TEXAS

Tyler, Texas

_____

EMMETT ASBURY

Appellant

VS.

THE STATE OF TEXAS

Appellee

_____

BRIEF FOR APPELLANT

_____

TO THE HONORABLE COURT OF APPEALS:

Appellant, EMMETT ASBURY, Defendant in Cause No. 10,595 in the

411TH Judicial District Court of Trinity County, Texas, Kaycee L. Jones,

Judge Presiding, and Appellant before this Honorable Court, respectfully

submits this brief for the purpose of appealing his conviction and punishment

for evading arrest or detention.

The parties will be referred to herein as Appellant and the State.

1

# STATEMENT OF THE CASE

The Charge            Evading Arrest

                      Section 38.04, TEXAS PENAL CODE (CR 003)

The Plea              Guilty (CR 013-014)

                      Plea Bargain.

The Original Sentence Adjudication of Guilt Deferred; Community

                      Supervision for a period of Eight (8) Years. (CR

                      013-014)

Motion to Adjudicate  First Amended Motion to Adjudicate Guilt Filed

                      (CR 034-035)

Hearing and Sentence  Judgement Adjudicating Guilt; Sentenced to Texas

                      Department of Criminal Justice Institutional

                      Division for a period of Five (5) Years. (CR  038-

                      039)

# PRELIMINARY STATEMENT

After a thorough and diligent review of the record, and the law applicable thereto, I have concluded that the appeal is wholly without merit.

In an attempt to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); and *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974), the following discussion of the evidence, procedure and authorities is provided.

# GENERAL FACT STATEMENT

Appellant was indicted for evading arrest. Specifically, the indictment alleged that on August 29, 2016, Appellant while using a vehicle, intentionally fed from Jeremy Alexander and/or Bereal Furguson a person the defendant knew was a peace officer who was attempting to lawfully to arrest or detain the defendant. (CR 003)

Appellant pled guilty to the indictment. (CR 013-014) Appellant further stipulated to the evidence. (CR 024) The trial court, deferred a finding of guilt and placed the Appellant on probation for a period of eight (8) years. (CR 013-014)

On July 25, 2017 the State filed a Motion to Adjudicate Guilt. (CR 030-031) That was followed by the filling of a First Amended Motion to Adjudicate Guilt filed on August 10, 2017. (CR 034-035) On August 22, 2017 a hearing was conducted on the Stated First Amended Motion Adjudicate Guilt. (RR 1-29) The State read the motion aloud and Appellant plead not true to allegations in paragraph 1, true to allegations in paragraph 2, true in part and not true in part to allegations in paragraph 4, true to allegations in paragraph 9, true to allegations in paragraph 11 and not true to allegations in paragraph 13. (RR 4-9) The trial court admonished Appellant that his pleas of

4

true were enough evidence to find it that it was true that he did violate the conditions of his probation. (RR 9) The trial court further inquired as to the Appellants voluntary plea and the Appellant acknowledged that his plea was free and voluntary. (RR 9-10) Both the State and Appellant waived opening statements. (RR 10) after making appropriate inquiries of Appellant and his trial counsel, found that Appellant was competent to stand trial. (SRR 4-6) The trial court further found that Appellant's plea was freely and voluntarily made. (SRR 2-6)

The State called Sharon Dennis with the probation department to testify. (RR 11-12) Trial counsel for Appellant did not cross examine M.s Dennis. (RR 12) The State then called Jeremy Alexander to testify. (RR 13-17) Trial counsel for Appellant only asked two questions of Jeremy Alexander both of which did not relate to the offenses alleged in the Motion to Adjudicate. (RR 17) The State abandoned the criminal mischief allegation and terroristic threat allegations contained in paragraph 1 of the Motion to Adjudicate Guilt. (RR 18) The State rested.

Trial counsel for Appellant called the Appellant to testify. (RR 18-21) The State as well as the trial judge cross examined the Appellant. (RR 18-26) After closing arguments by the parties, the trial court adjudicated Appellant

guilty and sentenced Appellant to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. (RR 28)

## SUFFICIENCY OF THE EVIDENCE

The United States Constitution does not require that the State present evidence in support of a guilty plea in Texas courts. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986) The State of Texas, however, imposes additional procedural requirements and safeguards not required by federal constitutional law. Article 1.15, CODE OF CRIMINAL PROCEDURE, provides that no trial court is authorized to render a conviction in a felony case based upon a plea of guilty without sufficient evidence to support the guilt of the defendant. The statute expressly provides that the defendant may consent to the introduction of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be.

Alternatively, courts have recognized that the defendant may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) So long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. *Id.*, *Sprinkle v. State*, 456 S.W.2d 387

6

(Tex. Crim. App. 1970); *Waage v. State*, 456 S.W.2d 388 (Tex. Crim. App. 1970); *Soto v. State*, 456 S.W.2d 389 (Tex. Crim. App. 1970); *Sexton v. State*, 476 S.W.2d 320 (Tex. Crim. App. 1972); *Knight v. State*, 481 S.W.2d 143 (Tex. Crim. App. 1972); *Potts v. State*, 571 S.W.2d 180 (Tex. Crim. App. 1978).

A stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex. Crim. App. 1980) A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009); *Bender v. State*, 758 S.W.2d 278, 280 (Tex. Crim. App. 1988); *Ex parte Martin,* 747 S.W.2d 789, 793 (Tex. Crim. App. 1988).

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. Section 38.04(a), TEXAS PENAL CODE

Appellant executed a stipulation of evidence which tracked the language of the indictment. (CR 024) This stipulation was admitted into evidence during the hearing on Appellant's guilty plea. Additionally,

7

Appellant pled true to allegations contained in the First Amended Motion to Adjudicate Guilt. (RR 4-9) Entering a plea of true to those allegations is in and of itself sufficient to support an adjudication of guilt in this case.

No argument can be made that the evidence is insufficient to support a finding of guilty.

## SENTENCE

In this case, the Appellant was charged with evading arrest. Ordinarily evading arrest is a Class A Misdemeanor. Section 38.04(b), TEXAS PENAL CODE. If, however, the actor uses a vehicle while the actor is in flight the offense is a third degree felony. Section 38.04(b)(2)(A), TEXAS PENAL CODE. Such pleading and proof is present in this case, which increases the level of the offense committed by Appellant to a third degree felony. The punishment for a violation of a third degree felony is confinement in the Texas Department of Criminal Justice for any term not more than 10 years or less than 2 years and a possible fine of not more than $10,000. Section 12.34, TEXAS PENAL CODE.

Appellant's punishment was assessed by the trial court at 5 years confinement and no fine or restitution. (CR 13-14)(RR 26-27) This sentence is within the range of punishment for this offense as determined by the

8

legislature and not in violation of Article I, Section 13 of the Texas Constitution.

Although no objection was lodged in the trial court to the length of sentence, given the length of sentence assessed, a discussion of whether such a sentence constitutes a cruel and unusual punishment is appropriate.

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment. Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). An assessed punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin v. Michigan*, 501 U.S. 957, 1105, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991). Further, the reviewing court considers not only the present offense, but also the appellant's criminal history. *Buster v. State*, 144 S.W.3d 71, 81 (Tex. App. - Tyler 2004, no pet.); *Culton v. State*, 95 S.W.3d 401, 402 (Tex. App - Houston [1st] 2002, pet. ref'd).

9

An argument that the sentence assessed Appellant was grossly disproportionate to the offense committed or an abuse of discretion cannot be professionally advanced.

## EFFECTIVE ASSISTANCE OF COUNSEL

When considering whether a defendant has received ineffective assistance of counsel, the standard for review is the two-prong analysis stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant's counsel's performance must be so deficient that he did not render reasonably effective assistance of counsel. *Ex parte Bratchett*, 513 S.W.2d 851 (Tex. Crim. App. 1974).

Additionally, under *Strickland*, regardless of the mistakes or short comings of counsel's performance, it is necessary that there be a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Ingham v. State*, 679 S.W.2d 503 (Tex. Crim. App. 1984); *Wyatt v. State*, 889 S.W.2d 691 (Tex. App. -- Beaumont 1994, no pet.). A defendant is not entitled to a perfect trial, only reasonable representation. *Yeager v. State*, 658 S.W.2d 639 (Tex. App. -- Beaumont 1983, pet. ref'd)

In considering the issue of ineffective assistance of counsel, the reviewing court must look at the totality of the representation, not isolated incidents. *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986); *Ellis v. State*, 727 S.W.2d 50 (Tex. App. -- Beaumont 1987, pet. ref'd).

Reviewing courts, however, are reluctant to consider claims of ineffective assistance of counsel through direct appeal. "Before granting relief on a claim that defense counsel failed to do something, we ordinarily require that counsel be afforded the opportunity to outline the reasons for the omission." *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). Only when the challenged conduct is "so outrageous that no competent attorney would have engaged in it" is counsel's performance declared to be deficient without first providing him an opportunity to explain his actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Evidence offered at the sentencing hearing consisted of testimony of the Appellant and his mother and father. This is a tactical decision which should not be questioned without comment from trial counsel. The record contains no instance of an omission or commission by trial counsel which, in the professional opinion of the undersigned, possibly adversely effected the result of Appellant's trial. In the opinion of the undersigned, nothing of the trial counsel's actions, collectively or individually, constitute ineffective assistance of counsel. No argument can be professionally advanced that Appellant was prejudiced, in any way, by his counsel's performance before or during the trial.

## CONCLUSION

For the reasons stated, it is respectfully requested that this Honorable Court accept this brief, review the record of this cause and make such rulings as it deems appropriate in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed2d 493 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

In compliance with *Anders,* supra, and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969), I further request that the Court grant the Motion

12

to Withdraw, filed herewith, and allow Appellant to file a pro se brief raising any points that he deems proper.

Respectfully submitted,

_____
Melissa L. Hannah
Attorney at Law
State Bar No. 24035530
204 E. Lufkin Ave.
Lufkin, Texas 75901
Telephone:   (936)632-6350
Facsimile:   (936)632-6355

# CERTIFICATE OF SERVICE

In accordance with the requirements of Rule 6.3, RULES OF APPELLATE PROCEDURE, I do hereby certify that a true and correct copy of the foregoing Brief for Appellant was delivered by electronic filing, to Bennie Schiro, District Attorney for Trinity County, Texas, on this the 29th day of November, 2017.

Further, I do hereby certify that a true and correct copy of this brief, a copy of the entire record, and a letter of instructions have been delivered by certified mail, return receipt requested, to Appellant on this the 29th day of November, 2017. A copy of the letter of instructions is attached hereto as Exhibit A.

_____
Melissa L. Hannah

## CERTIFICATE OF COMPLIANCE

In accordance with the requirements of Rule 9.4(i)(3), RULES OF APPELLATE PROCEDURE, I do hereby certify that the foregoing Brief for Appellant was computer-generated and contains 2844 words, excluding the items designated in Rule 9.4(i)(1) RULES OF APPELLATE PROCEDURE.

_____
Melissa L. Hannah

15

# *Melissa L. Hannah*
## *Attorney at Law*

November 29, 2017

Emmett Asbury – Inmate #02153782
Holliday Unit
295 IH-45 North
Huntsville, Texas 77320-8443

RE:    Cause No. 12-17-00294-CR; Emmett Asbury vs. The State of Texas

Dear Mr. Asbury:

Enclosed please find a copy of the brief I filed in with the Court of Appeals in your case. The brief states that after reviewing the entire record, I could not find anything which would constitute reversible error. I am not perfect and may have missed something. For this reason, I have asked the Court of Appeals to put the appeal on hold so that you can have the opportunity to review the record and file a brief if you want to.

I am also enclosing copies of the Clerk's Record and the Reporter's Record (typed record of the court reporter's notes) adjudication hearing and a copy of a Motion to Withdraw.

The Court of Appeals will let you know by letter when the deadline is for filing another brief. If you do file a paper brief, six copies need to be mailed to:

> Pam Estes, Clerk
> Twelfth Court of Appeals
> 1517 West Front Street, Suite 354
> Tyler, Texas 75702

One additional copy of the brief should be mailed to Bennie Schiro, District Attorney, P.O. Box 400, Groveton, Texas 75845.

*204 East Lufkin Avenue ●Lufkin, Texas 75901●Telephone: (936) 632-6350●Facsimile: (936)632-6355*
*Email: melissahannah@consolidated.net*

# EXHIBIT A

In the event the Court of Appeals affirms your conviction, the next step of the process, if you wish to pursue it, is called discretionary review by the Court of Criminal Appeals in Austin.

Although the Court of Criminal Appeals is not required to review your case, they may if you so request. If you decide to continue beyond the Court of Appeals level, you should file, within 30 days of the date of the opinion of the Court of Appeals, a petition for discretionary review the Court of Criminal Appeals. The specific procedure is contained in Rule 68 of the Rule of Appellate Procedure.

Sincerely,

Melissa L. Hannah

204 East Lufkin Avenue ●Lufkin, Texas 75901●Telephone: (936) 632-6350●Facsimile: (936)632-6355
Email: melissahannah@consolidated.net

# EXHIBIT A