William Green **JACKSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47477.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

I. Thomas Bieging, Denver, Colo., Lawrence L. Barber, Jr., Monahans, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for felony theft. Trial was before the court on a plea of not guilty. Punishment was assessed at ten years.

▮ At the outset appellant contends that the court erred in failing to grant his first motion for continuance.

Appellant's first motion for continuance was filed on July 10, 1972, the date set for appellant's trial. It recited that appellant's father learned two days prior to trial that Antonio Martinez and Romano Hernandez were witnesses who would testify that they were with appellant on the date he was alleged to have stolen the airplane and that it would have been impossible for appellant to have committed the offense. Appellant's father, testifying in support of the motion, stated that he talked to Martinez and Hernandez on the Friday prior to the Monday trial date and that they told him that they could not appear in court since they were on their way to Argentina, but that they would be back from Argentina in September.

The record does not show that applications for subpoenas were ever issued for the absent witnesses. The motion for continuance was not filed until the date set for trial.

The diligence required to support a motion for continuance has not been shown. Kelly v. State, Tex.Cr.App., 471 S.W.2d 65. Further, there were no affidavits from the missing witnesses at either the hearing on the motion for continuance or at the motion for new trial to show what their testimony would have been had they been present. Booth v. State, Tex.Cr.App., 499 S.W.2d 129.

We find that the court did not abuse its discretion in overruling appellant's motion for continuance.

Appellant contends that the court erred in admitting his confession.

■ Appellant first urges that his confession was given as the result of compulsion and directs our attention to his testimony that Officer Williamson indicated that if appellant would confess to the theft of the aircraft he would not be filed on for having a weapon in his possession at the time of his arrest. Appellant further testified that this is what prompted him to sign the confession. Deputy Sheriff Hicks of Dallas County testified that he arrested appellant at the Lancaster airport in the latter part of August, 1971, and advised appellant of his constitutional rights, and identified a "blue card" introduced into evidence as being the card from which he admonished appellant of his rights. Hicks turned appellant over to Deputy Williamson who denied promising appellant that charges of possession of a gun would not be filed if he confessed to the theft of the airplane. Williamson testified that appellant signed a confession in his presence "approximately forty-five minutes or an hour" after he picked up appellant at the airport. Williamson further testified that he read appellant his rights before taking his confession. The warnings on the card identified by Hicks and the warnings set out in the written confession are in accordance with Article 38.22, Vernon's Ann.C. C.P. and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ Appellant also argues that his confession was rendered inadmissible since a magistrate did not warn him of his constitutional rights. Proper warnings by a magistrate or the person taking the confession will suffice. Akridge v. State, Tex. Cr.App., 493 S.W.2d 928; Shadrick v. State, Tex.Cr.App., 491 S.W.2d 681; Easley v. State, Tex.Cr.App., 454 S.W.2d 758.

Other than the claim that the officer "indicated" that he would not file charges for possessing a gun if he signed the confession, appellant makes no claim that the confession was involuntarily made as the result of abuse, coercion, compulsion or persuasion.

We find that the court had sufficient evidence to support its finding that the confession was voluntarily made.

Appellant contends that the evidence was insufficient to support the conviction. The thrust of appellant's argument appears to be that Paul Camp, manager of the Lancaster airport, was unable to make a positive identification of appellant as the person who landed the stolen aircraft at the airport on August 28, 1971. Camp's testimony reflects that his description of appellant's features was not accurate and a portion of his testimony reveals uncertainty in identifying appellant as the person he saw in the stolen aircraft, but the record reflects the following testimony of Camp on cross-examination regarding identity of appellant:

"Q. . . . Are you trying to tell this Court that you are sure and positive beyond any reasonable doubt that this man is the same person?

"A. Yes, that is right."

■ A witness may be believed though he has been contradicted and part of his testimony may be recorded, accepted, and the rest rejected. Dawson v. State, Tex.Cr.App., 472 S.W.2d 775; Hudson v. State, Tex.Cr.App., 418 S.W.2d 813. In addition to Camp's testimony identifying appellant as the person who landed the stolen aircraft at Lancaster airport on August 28, 1971, appellant in his confession admits all of the elements of the offense alleged in the indictment.

We reject appellant's contention that the evidence was insufficient to support the conviction.

■ Appellant's last contention is that the judgment and sentence are inconsistent in reciting punishment. The judgment correctly recites the punishment assessed by the court as "ten years" as required by Article 42.01, V.A.C.C.P., and the sentence

provides that appellant shall be confined for a term of "not less than two years nor more than ten years" in accordance with the indeterminate sentence provision of Article 42.09, V.A.C.C.P. No inconsistency is shown.

The judgment is affirmed.

Opinion Approved by the Court.