Charles Edward WYATT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–93–259 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 14, 1994.

Tom Brown, Livingston, Charles Edward Wyatt, Rosharon, for appellant.

Terry Brown, Dist. Atty., Livingston, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Appellant was convicted by a jury of having committed the felony offense of Murder. Said jury assessed appellant's punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice. The jury also assessed a fine of $10,000. Appellant's counsel on appeal filed with this Court a brief in compliance with the requirements set out in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and *High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978). Appellant was provided with the trial record and has filed a pro se appellate brief with this Court raising six points of error. We will attempt to address to the best of our ability the otherwise amorphous and disjointed pro se brief filed by appellant.

■ We begin with appellant's sixth point of error as it complains of the sufficiency of the evidence to sustain the conviction. The

salient argument under this point of error appears to center on the fact that the testimony of several of the State's witnesses to the shooting of the victim, Willie "Sugarman" Howard, conflicted with regard to certain facts. Our examination of the testimony of the three eyewitnesses to the shooting indicates that all agree that the victim and appellant were shooting dice, that an argument ensued in which appellant approached the victim and knocked the victim to the ground; that appellant stood over the victim, pulled a handgun from his (appellant's) clothing, aimed down at the victim, and shot the victim; and that the victim exhibited no weapon at any time during the altercation, nor did the victim threaten appellant with deadly force of any kind. The witnesses also affirmatively dispelled the possibility that the shooting could have been accidental on appellant's part.

Appellant took the witness stand in his own behalf and flatly denied that the shooting was intentional. He also denied several times during his testimony that the shooting was in self-defense. Instead, appellant explained that as he and the victim engaged in the physical altercation, the handgun, which appellant had forgotten was in his jacket pocket, fell out and onto the floor. Appellant stated that as he picked up the handgun and stood upright, the victim kicked the handgun from appellant's hand causing the gun to accidentally discharge with the bullet striking the victim. Appellant stated that although the shooting was accidental, he fled the scene and hid the handgun because he was scared.

In rebuttal, the State called Dennis Clifton, Chief of the Livingston Police Department. It was the Livingston Police Department that investigated the shooting. Chief Clifton spoke with appellant a few hours after the shooting had occurred. According to Chief Clifton, appellant gave two versions of the events surrounding the shooting. In the first version, appellant told Chief Clifton that during the altercation with the victim, the victim exhibited the handgun and appellant had to take the gun away from the victim, and that the gun had somehow gone off. The second version also involved a con-

frontation with the victim and a subsequent "wrestling match" resulting in appellant having to pull the handgun from his coat pocket with said gun again mysteriously going off. In neither version did appellant state that the handgun accidentally fell from his coat pocket, that the victim kicked the gun causing it to discharge, or that there was somewhat of a struggle for the weapon between the victim and appellant while the gun was on the floor.

■ The appellate standard for reviewing questions of evidentiary sufficiency is for the reviewing court to view all of the evidence in the light most favorable to the verdict and then determine whether any rational trier of fact could have found each of the essential elements of the offense to have been proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). Simply because a defendant presents a different version of the events does not render the evidence insufficient. *Little v. State,* 758 S.W.2d 551, 562–563 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). The law in Texas further provides that the jury is the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony. *See* TEX.CODE CRIM.PROC. ANN. art. 38.04 (Vernon 1979); *Sharp v. State,* 707 S.W.2d 611 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). Indeed, the law fully permits the jury to believe a witness even though the witness's testimony has been contradicted; and that a jury may accept any part of a witness's testimony and reject the rest. *Sharp, supra* at 614; *Jackson v. State,* 505 S.W.2d 916 (Tex.Crim.App.1974). In *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1988), appellate courts are provided with the following admonition:

> The court is never to make its own myopic determination of guilt from reading the cold record. It is not the reviewing court's duty to disregard, realign or weigh evidence. This the factfinder has already done. The factfinder, best positioned to consider all the evidence firsthand, viewing

the valuable and significant demeanor and expression of the witnesses, has reached a verdict beyond a reasonable doubt. Such a verdict must stand unless it is found to be irrational or unsupported by ... the evidence, with such evidence being viewed under the *Jackson* light. Concrete application of the *Jackson* standard is made by resolving inconsistencies in the testimony in favor of the verdict. (footnote omitted)

In the instant case, there was direct, eyewitness testimony of appellant's intentional shooting of the victim with said shooting being the cause of the victim's death. The jury, as is their prerogative, simply rejected appellant's version of the events. We find that any rational trier of fact could have found each of the essential elements of the alleged offense proven beyond a reasonable doubt. Point of error six is overruled.

■■■ Point of error one raises the issue of ineffective assistance of trial counsel. To support a claim of ineffective assistance of counsel, appellant must prove: 1) that counsel's performance was deficient, and 2) that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim.App.1986). Consideration of the "totality of the representation," rather than isolated acts or omissions of trial counsel, determines whether sufficient proof of these two prongs has been made. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993). Moreover, if an appellant fails to prove the prejudice component (second prong), the reviewing court need not address the question of counsel's performance. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2070, 80 L.Ed.2d at 699; *Gamboa v. State,* 822 S.W.2d 328, 330 (Tex.App.—Beaumont 1992, pet. ref'd). The method for proving the prejudice component was spelled out as follows:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome.

*Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■■■ In the instant case, appellant's prejudice analysis consists of the following:

the State contended these ERRORS are Harmless Errors but this is a untrue statement because said Errors supported a Jury Verdict on a plea of Not Guilty by the Appellant CHARLES WYATT. The Verdict by the Jury was The Sentence: Confinement for life in the Institutional Division, Department of Criminal Justice, and a fine of $10,000., (sic et passim)

Other than the above conclusory statement, appellant makes no attempt at showing how any of the alleged deficiencies of trial counsel would have probably resulted in a different outcome with regard to the verdicts on guilt/innocence or punishment. Furthermore, appellant's contention that his trial counsel and the attorney for the State are brothers is not supported by any evidence in the record, and is flatly denied by the State in its appellate brief. Appellant's first point of error is overruled.

Point of error two alleges that the trial court erred by failing to have the voir dire portion of the trial recorded by the court reporter thereby denying appellant a full record of the proceedings. We overrule this point of error as the correspondence file of this appeal contains a letter from appellant dated, "April 7, 1994," acknowledging receipt of the volume of the statement of facts containing the voir dire portion of the trial. Appellant has not filed a supplemental brief nor requested leave to file same. Point of error two is overruled.

■■■ Point of error three reads as follows: "The trial court erred in failing to respond to appellants (sic) timely objection in failing to charge on self defense." The record before us reflects that appellant's trial counsel had no objection to the trial court's instructions to the jury. The court's instructions did not include any language on self-defense. Without a timely objection, error is not preserved. TEX.R.APP.P. 52(a). The obvious reason for no objection, however, can

be gleaned from the testimony of appellant himself. Time and again appellant was asked if he was acting in self-defense and appellant repeatedly responded that he was not. Recall that appellant's version of the shooting was that it was entirely an accident as the weapon inadvertently discharged when the victim kicked it. Appellant stated that he had no intention of shooting the victim. An instruction on self-defense is not required if the evidence, viewed in a light favorable to the defendant, does not establish a case of self-defense. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App.1984); *Holmes v. State*, 830 S.W.2d 263, 265 (Tex.App.—Texarkana 1992, no pet.). While appellant did testify that he quickly picked up the handgun after it had fallen to the floor because he feared the victim would get to it first, this clearly does not give rise to an instruction on self-defense. We find appellant's third point of error entirely unmeritorious and it is overruled.

■ Point of error four simply provides, "Counsel for the accused was denied opening statement." The record reflects that after the State made its opening remarks, appellant's trial counsel was provided an opportunity to make an opening statement, but replied, "We will reserve and make an opening statement until the conclusion of the State's case in chief."

The record further reflects that at the conclusion of the State's case-in-chief and prior to calling appellant to the witness stand, appellant's trial counsel stated, "Before we make an opening statement, we will forego making a statement and call Charles Wyatt." The record before us clearly reflects that appellant was provided with the opportunity to make an opening statement but decided to waive said opportunity to do so. There was no violation of TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon Supp. 1993). Point of error four is overruled.

■ Point of error five avers, "The state court erred by using States marked State's No. 4, autopsy pictures of Willy Howard see: Exhibits Volume V of V which is the exhibits volume from the 9th District Court of Polk County, Texas." (sic et passim) The record before us reveals that State's Exhibits 4 and 5 were autopsy photographs and were admitted into evidence without objection. State's Exhibit 4 depicts only the head of the victim with no visible injuries to it. State's Exhibit 5 depicts what appears to be the gunshot wound on the victim's chest just to the right of the victim's left nipple-area. There is no blood visible in this photograph either. Both photographs were taken by the pathologist who used each to identify the victim's body and to explain the victim's cause of death. State's Exhibit 4 was also used by the State during direct examination of the victim's "grandmother" in order to identify the victim. We find neither photograph gruesome or in any way inflammatory so as to prejudice the minds of the jury to the point of rendering an unfair verdict. State's Exhibits 4 and 5 were clearly admissible under the provisions of TEX.R.CRIM.EVID. 401 and 403. *See Emery v. State*, 881 S.W.2d 702, 710–711 (Tex.Crim.App.1994). Point of error five is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.