Harwood Eugene LOWE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–95–049 CR.

Court of Appeals of Texas, Beaumont.

April 17, 1996.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney and Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for the State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a conviction of aggravated assault. Appellant was indicted for the offense of aggravated assault for causing bodily injury to the complainant on July 21, 1993. The indictment also contained enhancement paragraphs. Trial was before a jury and the jury found appellant guilty as charged in the indictment. The jury also found the enhancement paragraphs contained in the indictment to be true, and assessed punishment at thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. From said judgment and conviction, appellant has perfected this appeal.

### Facts

On the evening of July 21, 1993, Wayne Higgins was a patron at a bar known as Squeeze's on Old Voth Road in Beaumont. Thomas Martin, the operator of the bar, testified that an argument erupted between appellant and appellant's ex-wife Debbie Lowe (who was a barmaid at the lounge), during which Wayne Higgins attempted to help break up the argument. In so doing, he got in between appellant and appellant's ex-wife and pushed them apart in an attempt to stop the argument. Mr. Martin also testified that some other people in the bar were trying to assist in breaking up this argument. Appellant and his party left the bar at the request of Mr. Martin.

Shortly thereafter complainant Higgins left the bar and was confronted in the parking lot by appellant and his female companion, Nancy Pipps. Higgins testified that appellant began yelling at him and threatening him with "threatening motions." Higgins attempted to shove appellant off whereupon appellant smacked him in the face, grabbed him, and told Nancy Pipps to "[h]elp me get him down." Pipps hit Higgins over the head with a beer bottle. When Higgins was knocked down onto the ground, appellant straddled him, kept him from getting up, and was striking him in the face and upper body with his fists.

Someone in the bar called 911. The E.M.S. arrived at the scene and was working on Higgins when Officer Randy Stevens arrived. Neither appellant nor Nancy Pipps was at the scene when the officer arrived. Higgins was taken to the hospital and it was at the hospital that Officer Stevens talked to him and learned the identity of the assailants. Later appellant and Pipps were arrested.

Appellant urges one point of error, that "[t]he trial court erred in denying appellant's request for a jury instruction on self-defense."

Appellant requested a jury instruction on self-defense, which was denied by the court. Appellant contends this was reversible error as the facts adduced in trial supported a claim of self-defense. Upon cross-examination by defense counsel, Higgins admitted that when he encountered appellant in the parking lot of the bar, he was holding his keys in his hand, outside of his pocket. Upon further questioning, Higgins admitted that he pushed appellant with his left hand and had an object in his right hand, which was extended; however, no part of the keys was showing. The testimony which appellant contends raised a defensive issue is as follows:

Q Now, this, I presume, happened fast. That is, you pushed him away, you had your right hand extended out and—

A (Interrupting) My left hand.

Q You pushed him away with your left hand. Correct?

A   Yes, sir.

Q   And you had your right hand extended out somewhat, as it turns out, with keys in your right hand.

A   In the direction of my vehicle, yes, sir.

Q   And at that moment, Gene Lowe, I guess, what, tackled you to pull you down, did he?

A   Grabbed me around the waist.

Q   Grabbed you around the waist.   Did you come to realize at that moment that he was in fear of a weapon in your right hand?

A   No, sir.

Appellant states that by implication, said testimony could have persuaded the jury that appellant was in fear of assault with a weapon, and the jury should have been able to consider said defensive issue.

After both sides rested, the trial court prepared the charge.   Appellant's counsel requested a charge of a lesser included offense of assault which was granted by the court. The court denied appellant's requested charge of self-defense.   A careful review of the record does not reveal that appellant made any objection to the charge.   Without timely objection, error is not preserved. *Wyatt v. State*, 889 S.W.2d 691, 694 (Tex. App.—Beaumont 1994, no pet.);   Tex.

R.App.P. 52(a).   Further, an instruction on self-defense is not required if the evidence, viewed in a light favorable to defendant, does not establish a case of self-defense.   *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App. 1984).   Appellant left the bar, then returned and provoked the incident with threatening words and gestures, and made no attempt to abandon the encounter once he initiated it. *See Lockhart v. State*, 847 S.W.2d 568, 575 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993); *Coble v. State*, 871 S.W.2d 192, 202 (Tex. Crim.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 101, 130 L.Ed.2d 50 (1994).   We hold that the evidence did not raise self-defense; therefore, the trial court did not err in refusing to submit that issue to the jury. *See* Tex.Penal Code Ann. § 9.31 (Vernon 1994 & Supp.1996).   Therefore, we overrule appellant's point of error and affirm the judgment and sentence of the trial court.

AFFIRMED.