TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00445-CR







Blake Allen Richards, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 506,876, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






 A jury convicted appellant Blake Allen Richards of assault and the trial court
assessed punishment at one year's imprisonment and a $2000 fine. See Tex. Penal Code Ann.
§ 22.01(a) (West Supp. 2000). Appellant raises one issue on appeal, arguing that the trial court
erred in refusing to give a jury instruction on the issue of self-defense. (1) We will affirm.

 On June 28, 1998, Joseph Burbano, the complainant, and his girlfriend had spent
the day on Lake Travis. After eating dinner, they returned to their truck and realized their truck
was blocked from leaving its parking spot by a truck and boat parked immediately behind them. 
A group of six people, five men including appellant and one woman, were in the truck and boat
parked behind Burbano. The testimony differs as to the manner in which Burbano spoke to
appellant's group; Burbano and his girlfriend testified that he merely told the group they should
not be parking there and that the group began yelling profanities and threatening him, while
appellant's friends testified that Burbano yelled profanities at them first. 

 Burbano testified that three of the men, including appellant, approached him as he
sat in the driver's seat. Burbano and his girlfriend both testified that as he leaned out the driver's
side door to see around the truck in order to back up, one of the men with appellant punched
Burbano in the face. Burbano testified that he thought the second man with appellant also began
hitting him. Every time Burbano turned his face towards his assailants, he saw two men punching
him. Burbano testified he took out a can of mace spray that he carries in his car for self-defense
and sprayed the assailants. He said as he sprayed the mace, appellant punched him in the face. (2) 
Burbano then pulled out the shotgun he carries for self-defense. Two of his assailants ran away,
but appellant and a woman stayed next to the truck. The woman was pushing at appellant, trying
to get him to back away. Appellant's friends testified that Burbano threatened to shoot through
the woman, appellant's girlfriend, to shoot appellant; Burbano denied threatening to shoot
appellant or the woman and said he was only pointing at appellant and telling him to go away. 
Burbano said he turned the shotgun around and gestured at appellant with the butt of the gun. 
Appellant grabbed the gun, and the two men fought for the gun until Burbano was lying on his
back in the parking lot with appellant holding the gun pointed at Burbano's face. A security guard
arrived and broke up the fight. Burbano's nose was broken and he suffered cuts and abrasions
on his face. Burbano and his girlfriend denied that he had made any aggressive moves or verbal
threats toward appellant and his friends before he was punched the first time. 

 Three of appellant's friends testified, and each stated Burbano was verbally abusive
and yelled at them for parking behind his truck. Caleb Phillips testified that appellant, appellant's
girlfriend Rhonda, and a man named Blair walked up to Burbano as he sat in his truck. Phillips
said he did not know whether appellant followed Blair to "kind of get him away to make sure that
nothing happened." Phillips heard Blair tell Burbano to get out of the truck to settle the
disagreement and saw Burbano's door begin to open. Phillips believed Burbano was getting out
of the truck to fight Blair. Phillips then started to climb out of the boat because he knew the
situation was "about to get out of hand," but by the time he walked around the boat, the fight had
started. Phillips said he did not have a good view of the fight, but he saw Burbano and Blair
"going at it." Phillips testified he thought that Blair was maced after he threw the first punch at
Burbano and that Blair hit Burbano while Burbano was sitting in his truck. Phillips testified that
appellant was not involved in the initial fight, but was standing behind or near Blair, and that
appellant got involved in the fight after Burbano started spraying the mace. Appellant and Rhonda
got maced because Burbano was trying to spray anyone in the area and did not care who he hit. 
When Phillips saw Burbano pull out the gun, he retreated behind the boat.

 Wesley Lowrance testified that he was sitting with appellant in the boat parked
behind Burbano's truck, looking for his keys, and was not paying attention when Burbano began
screaming and yelling at them. Lowrance saw Blair walk towards Burbano, followed by appellant
and Rhonda. Lowrance did not see what started the fight, but he saw Burbano spray mace at
Blair, appellant, and Rhonda. Lowrance did not know whether Blair hit Burbano before Burbano
sprayed the mace. Lowrance did not believe appellant hit Burbano before being maced, but he
could not be sure of that. Lowrance saw appellant punch Burbano after appellant was sprayed
with mace. He testified he did not see appellant punch Burbano while Burbano was still in his
truck; however, at the scene, he told the police that he saw appellant approach Burbano's truck
and hit Burbano. 

 Booner Beck was with appellant on the day of the assault and testified that after
Burbano yelled profanities at them, Blair walked over and told Burbano to get out of the truck. 
Appellant and Rhonda followed Blair. Beck said when he saw Burbano open his door about a
quarter of the way, he began to get out of the boat because he saw the situation escalating. As
he climbed out of the boat, Beck took his eyes away from Burbano's truck; by the time he looked
again, he saw Burbano macing Blair, appellant, and Rhonda. Beck said Burbano maced Blair
after Blair hit Burbano. He testified appellant started hitting Burbano after being maced. 

 Appellant argues he was entitled to an instruction on self-defense because there was
evidence that he did not hit Burbano until after he was maced. 

 A person is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself from the other's use or
attempted use of unlawful force. See Tex. Penal Code Ann. § 9.31(a) (West Supp. 2000); Dyson
v. State, 672 S.W.2d 460, 462 (Tex. Crim. App. 1984) (quoting § 9.31). A defendant is not
justified in using force against another in response to verbal provocation alone or if he provoked
the other person's use or attempted use of force, unless the other person continues to use force
after the actor abandons or communicates to the other person his intent to abandon the encounter. 
See Tex. Penal Code Ann. §§ 9.31(b)(1), (b)(4); Dyson, 672 S.W.2d at 462. 

 If the evidence raises the issue of self-defense, the defendant is entitled to a jury
instruction on that issue. See Riddle v. State, 888 S.W.2d 1, 6 (Tex. Crim. App. 1994); Dyson,
672 S.W.2d at 463. The issue of self-defense is raised if there is evidence that the defendant
reasonably believed his use of force was immediately necessary to protect himself, even if the
evidence is weak or contradicted. See Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App.
1999); Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). Evidence that self-defense
was justified may come from any source, including the testimony of witnesses other than the
defendant. See Smith v. State, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984); Shelvin v. State,
884 S.W.2d 874, 878 (Tex. App.--Austin 1994, pet. ref'd). In determining whether self-defense
was raised, we view the evidence in a light favorable to appellant and ask whether, if the evidence
is believed, a case of self-defense has been made. See Granger, 3 S.W.3d at 38; Dyson, 672
S.W.2d at 463. A defendant is not entitled to claim self-defense when the victim's use or
attempted use of force has been provoked. See Tex. Penal Code Ann. § 9.31(b)(4); State v.
Morales, 844 S.W.2d 885, 891 (Tex. App.--Austin 1992, no pet.).

 Appellant does not argue that Blair was justified in attacking Burbano. See Halbert
v. State, 881 S.W.2d 121, 126 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (provocation
usually fact question, but may be established as matter of law if evidence clearly shows intent to
goad victim into attacking so defendant can then injure victim); see also Hanley v. State, 921
S.W.2d 904, 911 (Tex. App.--Waco 1996, pet. ref'd) (if defendant reasonably knew victim's use
of force was provoked by third party, defendant is not justified in stepping in and using force to
defend third party). Only after being hit repeatedly in the head and face by at least one assailant
did Burbano spray mace at his attackers. Burbano was justified in attempting to fend off the
attack. See McCuin v. State, 505 S.W.2d 831, 832 (Tex. Crim. App. 1974) (quoting Wilson v.
State, 145 S.W.2d 890, 893 (Tex. Crim. App. 1940)) (when defendant reasonably believes he is
in danger of attack by multiple assailants, he is justified in defending himself against any of those
assailants); Halbert, 881 S.W.2d at 125 (citing Lockhart v. State, 847 S.W.2d 568, 574-75 (Tex.
Crim. App. 1992)), for proposition that if evidence establishes as matter of law that victim's use
of force was provoked, it is not error to refuse instruction on self-defense). While there is
evidence that appellant may not have struck Burbano until after Burbano sprayed mace, appellant
was not justified in striking Burbano in response to the mace. 

 Viewing the evidence in a light favorable to appellant, the evidence shows appellant
voluntarily put himself into the situation by going with Blair to Burbano's truck and standing near
Blair as he attacked Burbano. See Juarez v. State, 961 S.W.2d 378, 383 (Tex. App.--Houston [1st
Dist.] 1997, pet. ref'd) (defendant accompanied friends who shot at victim's house; instruction
limiting self-defense warranted because evidence showed defendant intended to use drive-by
shooting to draw victim into fight). We do not believe appellant was entitled to accompany Blair
while he confronted Burbano, stand by and observe while Blair assaulted Burbano, and then claim
self-defense in his subsequent assault once Burbano hit appellant with mace because he was near
Blair. See Adams v. State, 93 S.W. 116, 124 (Tex. Crim. App. 1905) (op. on reh'g) (self-defense
does not shelter from liability defendant who was not party to original fight, but who prepared for
and entered fight on behalf of third party not entitled to claim self-defense); Woodrich v. State,
90 S.W. 882, 883 (Tex. Crim. App. 1905) (where defendant acted with third party in bringing
about difficulty, defendant not justified in defending self or third party from use of force by
victim). See also Vuong v. State, 830 S.W.2d 929, 939 (Tex. Crim. App. 1992) (defendant may
not justify violent acts as being in self-defense against victim's provoked attempts to escape or
prevent further violence); Lowe v. State, 920 S.W.2d 479, 481 (Tex. App.--Beaumont 1996, pet.
ref'd) (defendant not entitled to claim self-defense when he provoked fight and did not attempt to
abandon fight once it began).

 We overrule appellant's issue on appeal and affirm the trial court's judgment of
conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: July 27, 2000

Do Not Publish
1. Appellant also states in his issue on appeal that the trial court erred in refusing to instruct
the jury on the issue of defense of others. See Tex. Penal Code Ann. § 9.33 (West 1994). 
However, appellant has not briefed the issue of whether he was entitled to any such instruction. 
Appellant does not explain who he was attempting to defend. Beyond simply asserting his
entitlement to the instruction, appellant makes no further mention of the issue of defense of others. 
Without argument, authority, and appropriate reference to the record, any error as to an
instruction on defense of others is waived and abandoned. See Tex. R. App. P. 38.1(h); Colburn
v. State, 966 S.W.2d 511, 519 n.7 (Tex. Crim. App. 1998); Roise v. State, 7 S.W.3d 225, 232
(Tex. App.--Austin 1999, pet. ref'd).
2. Burbano's girlfriend testified she saw three men, including appellant, punching Burbano
before Burbano pulled out the mace. 



 as matter of law if evidence clearly shows intent to
goad victim into attacking so defendant can then injure victim); see also Hanley v. State, 921
S.W.2d 904, 911 (Tex. App.--Waco 1996, pet. ref'd) (if defendant reasonably knew victim's use
of force was provoked by third party, defendant is not justified in stepping in and using force to
defend third party). Only after being hit repeatedly in the head and face by at least one assailant
did Burbano spray mace at his attackers. Burbano was justified in attempting to fend off the
attack. See McCuin v. State, 505 S.W.2d 831, 832 (Tex. Crim. App. 1974) (quoting Wilson v.
State, 145 S.W.2d 890, 893 (Tex. Crim. App. 1940)) (when defendant reasonably believes he is
in danger of attack by multiple assailants, he is justified in defending himself against any of those
assailants); Halbert, 881 S.W.2d at 125 (citing Lockhart v. State, 847 S.W.2d 568, 574-75 (Tex.
Crim. App. 1992)), for proposition that if evidence establishes as matter of law that victim's use
of force was provoked, it is not error to refuse instruction on self-defense). While there is
evidence that appellant may not have struck Burbano until after Burbano sprayed mace, appellant
was not justified in striking Burbano in response to the mace. 

 Viewing the evidence in a light favorable to appellant, the evidence shows appellant
voluntarily put himself into the situation by going with Blair to Burbano's truck and standing near
Blair as he attacked Burbano. See Juarez v. State, 961 S.W.2d 378, 383 (Tex. App.--Houston [1st
Dist.] 1997, pet. ref'd) (defendant accompanied friends who shot at victim's house; instruction
limiting self-defense warranted because evidence showed defendant intended to use drive-by
shooting to draw victim into fight). We do not believe appellant was entitled to accompany Blair
while he confronted Burbano, stand by and observe while Blair assaulted Burbano, and then claim
self-defense in his subsequent assault once Burbano hit appellant with mace because he was near
Blair. See Adams v. State, 93 S.W. 116, 124 (Tex. Crim. App. 1905) (op. on reh'g) (self-defense
does not shelter from liability defendant who was not party to original fight, but who prepared for
and entered fight on behalf of third party not entitled to claim self-defense); Woodrich v. State,
90 S.W. 882, 883 (Tex. Crim. App. 1905) (where defendant acted with third party in bringing
about difficulty, defendant not justified in defending self or third party from use of force by
victim). See also Vuong v. State, 830 S.W.2d 929, 939 (Tex. Crim. App. 1992) (defendant may
not justify violent acts as being in self-defense against victim's provoked attempts to escape or
prevent further violence); Lowe v. State, 920 S.W.2d 479, 481 (Tex. App.--Beaumont 1996, pet.
ref'd) (defendant not entitled to claim self-defense when he provoked fight and did not attempt to
abandon fight once it began).

 We overrule appellant's issue on appeal and affirm the trial court's judgment of
conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: July 27, 2000

Do Not Publish
1. Appellant also states in his issue on appeal that the trial court erred in refusing to instruct
the jury on the issue of defense of others. See Tex. Penal Code Ann. § 9.33 (West 1994). 
However, appellant has not briefed the issue of whether he was entitled to any such instruction. 
Appellant does not explain who he was attempting to defend. Beyond simply asserting his
entitlement to the instruction, appellant makes no further mention of the issue of defense of others. 
Without argument, authority, and appropriate reference to the rec