In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-216 CR


____________________



JAMES KENNETH TAYLOR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 83005





 

O P I N I O N



 James Kenneth Taylor appeals a conviction for evading detention by using a 
vehicle, second offense. (1) Appellant pleaded true to enhancement allegations of prior
felonies, and was sentenced, in accordance with the punishment for a second degree
felony, to fourteen (14) years in the Institutional Division--Texas Department of Criminal
Justice. See Tex. Pen. Code Ann. §§ 12.33, 12.42(a)(2) (Vernon 1994 & Supp. 2003). 
 Appellant's counsel filed a brief asserting that an appeal would be frivolous. See
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant
filed a pro se brief, raising three issues. 

 Issue One -- Alleged Improper Comment on Prior Offenses at Voir Dire

 Appellant contends that the trial court erred during jury selection in permitting the
prosecutor to reveal he had previous convictions. We note the lack of a contemporaneous
trial objection. The issue has not been properly preserved for appeal. See Pineda v. State,
2 S.W.3d 1, 7 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). Appellant's first issue
is overruled.

Issue Two - - Improper Jury Argument

 In his second issue, Appellant contends the trial court erred in permitting the
assistant district attorney to give her personal opinion in her summation as to the guilt of
the accused. Before a defendant will be permitted to complain on appeal about an
erroneous jury argument, defendant must show that he presented his complaint to the trial
court. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). The record in
this case shows no objection to the allegedly erroneous argument. This issue is overruled. 

Issue Three -- Ineffective Assistance of Counsel


 In his third issue, appellant claims he was deprived of his Constitutional right to the
effective assistance of counsel. Appellant argues his trial counsel was ineffective in:

 1. failing to object to the prosecutor's statement during jury selection that enhanced
punishment could be imposed in the event that it was shown that appellant had prior
convictions;

 2. failing to object to the prosecutor's alleged giving of her personal opinion of
appellant's guilt during her closing argument, by referring to appellant being observed
engaged in criminal activity; 

 3. failing to object to the witness's description of items recovered from appellant's
truck as "burglar tools"; and 

 4. failing to object to the alleged lack of a proper jury charge instruction on the
jury's consideration of extraneous offenses. 

 To show ineffective assistance of counsel, an appellant must demonstrate counsel's
representation fell below an objective standard of reasonableness based on prevailing
professional norms, and that, but for counsel's errors, there is a reasonable probability the
result of the proceeding would have been different. See Strickland v. Washington, 466
U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed2d 674 (1984); see also Hernandez v.
State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Any allegation of ineffective
assistance must be firmly founded in the record. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). 

 On two occasions, the prosecutor mentioned previous convictions. On the first
occasion, she stated:

 But in some cases, certain situations, this type of crime, misdemeanor crime
can be enhanced for different purposes to a felony, and so that's why we're
here today. If you have a prior conviction for the same offense -- that means
that the defendant has been convicted previously in misdemeanor court for
the very same offense, that this type of crime is enhanced to a state jail
felony. And that's where we are here today. That's why you're here
because I intend to prove to you that Mr. Taylor has been previously
convicted of evading arrest or detention in the past.


 If -- if a defendant or a person has been convicted in the past of evading
arrest or detention, they have been convicted and they have a misdemeanor
conviction for that, that means if they do it again in a vehicle, that means,
you know, the policeman is chasing them down the street because he is
trying to lawfully detain him, pulls him over and he arrests him for evading
detention. If we find out that he's been convicted of the same offense in the
past, then he's not going to -- he won't be in misdemeanor court. He'll be
in a felony court.


Prior convictions for purposes of punishment enhancement only, and which are not
jurisdictional, are not to be read to the jury until the punishment portion of the trial. See
Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp. 2003). In this instance, the
allegation of the prior misdemeanor conviction was jurisdictional. See State v. Atwood,
16 S.W.3d 192, 196 (Tex. App.--Beaumont 2000, pet. ref'd). Counsel was not ineffective
in failing to object.

 The prosecutor also stated during jury selection:

 [I]n some cases, in certain situations you take a state jail felony offense,
which is what we're dealing with here. You're here because evading
detention in this case is a state jail felony.


 In certain situations state jail felonies can be enhanced for punishment
purposes if a defendant has at least two prior sequenced felonies. Okay. So,
that means that normally a state jail felony is punishment -- is punishable by
probation up to two years in the state jail facility, so the maximum you could
spend or the person could spend is two years in the state jail with an optional
fine not to exceed $10,000.


 But if a defendant has two prior sequenced felony convictions, then
the punishment range is increased. He would be what is considered, what
is called in the legal system an habitual state jail felon and the punishment
range would be increased to two to 20 years.


 And when I say "sequenced prior felony convictions," that means that
the defendant has gone to prison -- has been sentenced, gone to prison, he's
been released. He's committed another offense, been convicted of that
offense, been to prison again, gotten out and committed obviously another
offense.


 This reference to prior convictions resulting in enhanced punishment was not
jurisdictional. If the prosecutor does inform the jury panel of the facts of the defendant's
prior convictions, it is the functional equivalent of reading the enhancement paragraphs to
the jury and is error. See Frausto v. State, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982).
However, both the State and the defense are entitled to qualify the prospective jurors on
the full range of possible punishment. If the jury may be called upon to assess
punishment, the prosecutor may inform the jury panel of the range of punishment
applicable if the State were to prove a prior conviction for enhancement purposes, but may
not inform the panel of the specific allegations contained in the enhancement paragraph. 
 See Bevill v. State, 573 S.W.2d 781, 783 (Tex. Crim. App. 1978). The prosecutor here
did not inform the jury of the specific facts of the enhancement allegations. Counsel was
not ineffective in failing to object. 

 Appellant also complains of the failure of counsel to object to the following closing
argument by the prosecutor:

 The officer testified to you that he was dispatched to a specific area,
at Washington in Beaumont, Texas, a specific area. And they mentioned the
car wash and dispatch mentioned the description of a truck, which is a blue
and white Ford, and that there was - - it was occupied by a white male who
was engaged in attempting to or did commit some type of a criminal activity.


Beaumont police officer Kevin White testified that he was dispatched in the early morning
hours to Washington Avenue and Avenue B in Beaumont, on a report of a possible
burglary of a coin operated machine at a car wash in the area, and to look for a blue and
white pickup truck. Upon arriving at 1512 Washington at Avenue B, he observed that the
front of a metal coin box which dispenses change for dollar bills had been ripped away. 
Upon checking the area, he noticed a blue and white Ford F-150 or F-100 pickup truck
exiting an abandoned gas station. There was no other traffic in the area. The vehicle did
not stop when Officer White activated his lights and siren. White, an experienced police
officer, testified that when a vehicle flees under these circumstances, that it is involved in
criminal activity. White engaged in a brief vehicle pursuit, followed by a foot chase,
which led to the apprehension of appellant. 

 The quoted argument was both a fair summation of and a reasonable deduction from
Officer White's testimony. See Richards v. State, 912 S.W.2d 374, 380 (Tex. App.--Houston [14th Dist.] 1995, pet. ref'd). Trial counsel's failure to object to this argument
did not constitute deficient performance by counsel.

 Appellant argues that his counsel was ineffective in failing to object when Officer 

White testified that the items which he recovered from appellant's truck were "burglar
tools." The record shows that White identified each of the items he found. On cross-examination, White testified that if he found these same tools in the back of a truck sitting
in the parking lot he would not have considered them to be burglary tools. Defense
counsel argued this fact at closing. Appellant does not allege how he was prejudiced by
counsel's actions. See Wyatt v. State, 889 S.W.2d 691, 694 (Tex. App.--Beaumont 1994,
no pet.). 

 Appellant also argues ineffective assistance because trial counsel failed to request a
limiting instruction regarding extraneous offenses. He argues the reference to a charge of
burglary and the prosecutor's reference to "criminal activity" in closing merited such an
instruction. 

 The record shows the following testimony by Officer White in response to defense
counsel's questioning:

 Q. (by defense counsel) What did you arrest him for?

 A. (by Officer White) As part of the investigation -- excuse me. As part of the
investigation for burglary of a coin operated machine.


 Q. Okay. So you arrested him for that burglary of that coin operated machine
over at the car wash, didn't you?


 A. Yes.


 Q. Did that charge ever get filed with the D.A.'s office?


 A. I wouldn't know. I -- once I turn in the report, that's up to the detectives. 


 Q. But it wouldn't surprise you if that case never was ever filed?


 A. There was nothing taken out of the machines, so, no, it wouldn't surprise
me. 


The prosecutor then questioned Officer White further on redirect:

 Q. (by the prosecutor) And just to make it clear for the jury, I want you to
explain why you were attempting to detain James Taylor that night.


 A. Because I had reasonable suspicion that he had been involved in a crime,
that crime specifically being trying to break into that coin operated machine.


 An extraneous offense is defined as any act or misconduct, whether resulting in a
prosecution or not, that is not shown in the charging papers. See Rankin v. State, 953 S.W.2d
740, 741 (Tex. Crim. App. 1996); see also Nunez v. State, 27 S.W.3d 210, 213 (Tex. App.--El Paso 2000, no pet.). The indictment in this case charged Taylor with intentionally fleeing
from Officer White, a person Taylor knew was a police officer who was attempting lawfully
to detain him. The evading of detention statute under which Taylor was charged requires the
State prove that the person charged intentionally fled from a person he knew was a peace
officer attempting lawfully to arrest or detain him. Tex. pen. Code Ann. § 38.04(a). (See
footnote 1). One of the elements required to be proven by the State is that the attempted
detention was lawful. See Alejos v. State, 555 S.W.2d 444, 448 (Tex. Crim. App. 1977); see
also Cook v. State, 1 S.W.3d 722, 726 (Tex.App.--El Paso 1999, no pet.). Officer White
testified to the reason for the arrest attempt. See Hughes v. State, 24 S.W.3d 833, 838 (Tex.
Crim. App. 2000). The officer's testimony to his reasons for attempting to arrest defendant
did not refer to an extraneous offense, but rather the offense required to establish a lawful
detention. Compare Nunez, 27 S.W.3d at 213. Appellant has not established ineffective
assistance of counsel. 

 The judgment of the trial court is affirmed. 

 AFFIRMED.

 PER CURIAM

Submitted on January 30, 2003

Opinion Delivered February 12, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ. 
1. Under the applicable version of the statute, the offense of evading arrest was a state
jail felony if the actor used a vehicle while the actor was in flight and the actor had been
previously convicted under section 38.04 of the Texas Penal Code. See Act of May 27,
1995, 74th Leg., R.S., ch. 708, § 1, 1995 Tex. Gen. Laws 3743-44. Presently, the
offense, as described above, is a third degree felony. See Tex. Pen. Code Ann. §
38.04(b)(2)(A) (Vernon Supp. 2003).